## State *vs.* Oscar Silvius.

### PROVIDENCE—DECEMBER 31, 1900.

Present: Tillinghast, Douglas, and Blodgett, JJ.

(1) *New Trial. Indictment. Control of Docket.*

Where there were three indictments on the calendar for the day against the defendant, a new trial will not be granted because the attorney-general was allowed to try one of the indictments out of its regular order on the calendar, the defendant having been duly notified that all the indictments were down for trial on the day in question and failing to show good cause for a continuance.

The attorney-general has control of his docket, and after it has been set down for trial and due notice given he may try the cases in such order as he sees fit.

(2) *New Trial. Indictment. Illness of Defendant.*

The fact that defendant produced a physician's certificate that he was ill and unable to proceed with the trial is no reason for granting a new trial where it appears that the court sent another physician to examine him, in company with the physician who had given the certificate, on the morning of the day of trial, and the opinion of both physicians showed that the defendant had recovered from the illness set out in the certificate.

Indictment for selling liquor. The facts are fully stated in the opinion. Heard on petition of defendant for new trial, and new trial denied.

Tillinghast, J. The defendant, who is a licensed pharmacist, has been convicted of selling intoxicating liquor upon a week-day to be drunk on his premises, and he now petitions for a new trial on the grounds that the verdict is against the evidence and that he was improperly forced to a trial when he was ill and not ready.

(1) The first ground is without merit, as the evidence fully sustains the verdict.

The first part of the second ground alleged is that the attorney-general was allowed by the court to try the indictment against the defendant out of its regular order on the calendar ; that is, there being three indictments on the calen-

dar for the day against the defendant for selling intoxicating liquor to be drunk on the premises, the court, against the defendant's objection, allowed the attorney-general to proceed with the trial of the third indictment on said calendar against the defendant.

Under the long and well-settled practice in this State, the attorney-general has control of his docket, and after it has been set down for trial and due notice thereof given, he may try the cases in such order as he sees fit. The defendant having been duly notified that all the indictments against him were down for trial on the day in question, he was bound to be ready or to show good cause why he was not, which he failed to do ; and hence this branch of the second ground for new trial cannot be sustained.

(2)  As to the contention of the defendant that he was ill and unable to proceed with the trial, it appears that while he did produce a physician's certificate to that effect, it also appears that the court, upon motion of the attorney-general, sent another physician to examine the defendant, who made report that on the morning of the day of the trial he examined the defendant, in company with the physician who had previously given the certificate referred to, and that in the opinion of both of said physicians the defendant had recovered from the illness set out in said certificate. Upon this report being made to Mr. Justice Wilbur, he allowed the attorney-general to proceed with the trial of the case.

In view of these facts we cannot say that the defendant was unfairly or improperly forced to a trial.

Petition for new trial denied, and case remanded for sentence.

*Willard B. Tanner, Attorney-General*, for State.
*John M. Brennan*, for defendant.